THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODNEY C. LEVY, | CASE NO. C19-1118-JCC |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES GOVERNMENT and UNITED STATES ATTORNEY'S OFFICE, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's complaint (Dkt. No. 3) and motion to appoint counsel (Dkt. No. 4). On July 26, 2019, United States Magistrate Judge Mary Alice Theiler granted Plaintiff's motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.) This Court has reviewed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and concludes that the complaint is both frivolous and fails to state a claim upon which relief can be granted.

Plaintiff's complaint is an 18-page narrative describing how the United States Government has "destroyed and controlled his entire life." (Dkt. No. 3 at 2.) Plaintiff states that because he was a "child prodigy" he has been held as an "invention slave" by the U.S. Government since at least 1968. (*Id*. at 2–3.) He asserts that in 1968 he "invented the initial design of the U.S. space shuttle," and since then several federal agencies have surveilled him, actively prevented him from maintaining employment, and conducted various "attacks" against

him. (*Id.*) Plaintiff states that these attacks have been ordered by each President of the United States dating back to President Richard Nixon, and have included "death threats, physical attacks, food poisoning, staged car accidents, mustard gas attacks, [and] financial execution." (*Id.* at 3.) During this time, Plaintiff alleges that he has continued to invent and develop an array of defense technology for the U.S. Government. (*Id.*) Plaintiff alleges that the C.I.A., N.S.A., and F.B.I. have actively prevented him from hiring an attorney, filing a lawsuit in the U.S. Court of Federal Claims, and "securing patents on his intellectual property." (*Id.* at 4.) Plaintiff describes the U.S. Government's conduct as "the greatest civil rights violations since slavery." (*Id.*)

Plaintiff asks the Court "to file a protection order against the President, so that he will not be able to order no more attacks against me." (*Id.* at 11.) He also asks for compensatory damages "for all of the financial, physical, [and] emotional . . . damage done to me by the Govt. my entire life, from childhood to now." (*Id.*) Plaintiff also asks the Court to compensate him for the "unlimited amount of superior defense and aerospace tech" that the U.S. Government has stolen from him over the years. (*Id.*) The complaint does not cite a statute or specific cause of action that entitles Plaintiff to relief.

District courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). A claim is frivolous if it lacks "an arguable basis in fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim upon which relief can be granted, a complaint must contain sufficient factual matter, accepted as true, that demonstrates the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Here, Plaintiff's claims against Defendants are facially frivolous. (*See* Dkt. No. 3.) The "facts" alleged in Plaintiff's complaint are not grounded in reality. As an example, Plaintiff's allegation that each President since Richard Nixon "knows him" and has personally ordered various "attacks" against him in order to retain him as an "invention slave" for the U.S. government is patently incredible. (*See generally* Dkt. No. 3.) Certainly, the allegations in Plaintiff's complaint do not allow the Court, based on its common sense and experience, to infer that Plaintiff's claim to relief is plausible. *Iqbal*, 556 U.S. at 667–68.

Even accepting the complaint's allegations as true, Plaintiff has not asserted a cognizable legal claim against Defendants or requested relief that the Court can provide. The Court can liberally construe Plaintiff's complaint to assert a civil rights claim under 42 U.S.C. § 1983. To sustain such a claim, Plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff's generalized claims against the named Defendants—the U.S. Government and U.S. Attorney's Office—fail to meet either requirement. As another example of how the complaint is legally deficient, the Court cannot enter a protective order against the President of the United States. (*See* Dkt. No. 4 at 11.)

Further, the Court cannot conceive of any factual allegations that would make Plaintiff's § 1983 claim, or any other federal claim, viable. Therefore, the Court concludes that it is appropriate to dismiss Plaintiff's complaint without leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (dismissal without leave to amend appropriate where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's complaint (Dkt. No. 3) is DISMISSED with prejudice. Plaintiff's motion to appoint counsel (Dkt. No. 4) is DENIED as moot.

//

//

DATED this 30th day of July 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE